UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL B. ELLIS *et al.*,

    *Plaintiffs*,

v.

AMY BERMAN JACKSON *et al.*,

    *Defendants*.

Civil Action No. 16-2313 (TJK/GMH)
*consolidated with*
No. 17-22 (TJK/GMH)

## MEMORANDUM OPINION

Plaintiffs Michael Ellis, Robert McNeil, and Harold Stanley have embarked on a seemingly unending quest to stop the federal government from collecting unpaid income taxes. Courts in this Circuit have repeatedly dismissed Plaintiffs' cases for lack of subject-matter jurisdiction. These rulings have not dissuaded Plaintiffs from tilting at windmills, however, and judges themselves have become targets for Plaintiffs' ill-advised jousting. Plaintiffs fare no better in these consolidated cases, the latest chapter in their saga.

Magistrate Judge G. Michael Harvey has issued a Report and Recommendation recommending, among other things, that the Court grant Defendants' First Amended Motion to Dismiss these cases for lack of subject-matter jurisdiction. Upon review of the Report and Recommendation and Plaintiffs' objections to it, the Court adopts the Report and Recommendation in its entirety and dismisses the cases on these grounds.

### I. Background

These consolidated cases—*Ellis v. Jackson*, No. 16-cv-2313 ("*Ellis*"), and *Stanley v. Lynch*, No. 17-cv-22 ("*Stanley*")—are the latest volley in Plaintiffs' war to enjoin the federal government's enforcement of the income tax against individuals who do not file their returns. At

their core, the complaints allege that various U.S. government employees—including everyone from a former President to three federal judges—have concocted a "scheme" to "enforce the income tax" on those who do not pay it. *See* No. 16-cv-2313, ECF No. 3 ("*Ellis* Am. Compl.") ¶ 12; No. 17-cv-22; ECF No. 3 ("*Stanley* Am. Compl.") ¶¶ 1, 3. Specifically, Plaintiffs allege that certain Internal Revenue Service ("IRS") employees operate a "records falsification" program that they use to collect taxes from individuals who do not file a tax return, so-called "non-filers." *See Ellis* Am. Compl. ¶¶ 19-35; *Stanley* Am. Compl. ¶¶ 42-45. To do so, IRS employees purportedly enter "a certain sequence of numeric entries" into an IRS database which creates the "appearance" of two abbreviations in IRS's "Individual Master File." *See Ellis* Am. Compl. ¶¶ 22-23; *see also Stanley* Am. Compl. ¶¶ 39, 42. These abbreviations purportedly denote falsified dates showing when the IRS "received" a tax return from the non-filer and when a "substitute for return" ("SFR") was executed, even though no tax return was filed and no SFR created. *Ellis* Am. Compl. ¶ 22; *see also Stanley* Am. Compl. ¶ 42. As Plaintiffs tell it, the Department of Justice ("DOJ") relies on the information in this "Individual Master File" to pursue collection and enforcement proceedings against non-filers. *See Ellis* Am. Compl. ¶¶ 11, 24, 28, 32-35; *Stanley* Am. Compl. ¶¶ 43-47. This scheme is allegedly blessed by high-level government officials, including a former President and Attorney General. *Stanley* Am. Compl. ¶ 1. And in *Ellis*, Plaintiffs also name three federal judges as defendants. *Ellis* Am. Compl. They allege that these judges, each of whom has agreed that federal courts lack subject-matter jurisdiction over similar lawsuits, have participated in the scheme against Plaintiffs by conspiring among themselves and with DOJ attorneys to dismiss those previous cases, including by misstating Plaintiffs' factual allegations. *Id.* ¶¶ 36-84.

Plaintiffs assert claims under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, and the First, Fourth, and Fifth Amendments to the Constitution. *Ellis* Am. Compl. ¶¶ 85-98; *Stanley* Am. Compl. ¶¶ 78-88. They seek various forms of relief, including (1) a declaratory judgment that Congress has not imposed a duty on Americans to file income tax returns, and therefore non-filers cannot be prosecuted for failing to file, *Ellis* Am. Compl. ¶¶ 100-102; *Stanley* Am. Compl. ¶ 96; and (2) an injunction prohibiting IRS and DOJ employees from taking various actions involving the falsification or manipulation of computer records related to tax returns, *Ellis* Am. Compl. ¶¶ 110-112; *Stanley* Am. Compl. ¶ 98.

On April 26, 2017, Defendants moved to dismiss these cases. *See* No. 16-cv-2313, ECF No. 8. On November 1, 2017, Magistrate Judge Harvey issued his Report and Recommendation relating to the motion to dismiss, as well as several other pending motions. *See* No. 16-cv-2313, ECF No. 20 ("R&R"). In it, he recommends that the Court grant the motion to dismiss Plaintiffs' complaints for three reasons: (1) the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a), deprives this Court of jurisdiction to hear the case; (2) Plaintiffs lack standing; and (3) their claims, which have been repeatedly rejected in this Circuit, are frivolous. *Id.* at 7, 11-12.

On November 15, 2017, Plaintiffs filed their objections to the Report and Recommendation. *See* No. 16-cv-2313, ECF No. 21 ("Pls.' Objs."). Specifically, they assert that Judge Harvey: (1) failed to recuse himself or explain his decision not to do so; (2) failed to take judicial notice of and resolve conflicting IRS statements about the applicability of 26 U.S.C. § 6020(b) to income tax; (3) refused to evaluate whether the AIA shields IRS "non-action" from judicial review; (4) failed to determine if the equitable exception to the AIA applies; (5) was incorrect in concluding that Plaintiffs lack standing; (6) falsified the record in multiple instances;

3

(7) improperly refused to compel the IRS to produce a document; and (8) impermissibly dismissed Plaintiffs' claims as frivolous. *Id.* at 4-5.

## II.  Legal Standards

### A.  Evaluating a Report and Recommendation

Under Federal Rule of Civil Procedure 72(b), when a magistrate judge issues a report and recommendation on a dispositive motion, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). But "when a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *M.O. v. District of Columbia*, 20 F. Supp. 3d 31, 37 (D.D.C. 2013) (quoting *Alaimo v. Bd. of Educ. of the Tri-Valley Cent. Sch. Dist.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009)).

Rule 72(b) "does not permit a litigant to present new initiatives to the district judge." *Taylor v. District of Columbia*, 205 F. Supp. 3d 75, 89 (D.D.C. 2016) (quoting *Aikens v. Shalala*, 956 F. Supp. 14, 19 (D.D.C. 1997)). "[O]nly those issues that the parties have raised in their objections to the Magistrate Judge's report will be reviewed by this court." *M.O.*, 20 F. Supp. 3d at 37 (quoting *Aikens*, 956 F. Supp. at 19). Indeed, "[p]arties must take before the Magistrate Judge, 'not only their "best shot" but all of their shots.'" *Aikens*, 956 F. Supp. at 23 (quoting *Singh v. Superintending Sch. Comm.*, 593 F. Supp. 1315, 1318 (D. Me. 1984)).

"The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B.  Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *See Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an

examination of our jurisdiction."). The law presumes that "a cause lies outside [the Court's] limited jurisdiction" unless the party asserting jurisdiction establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence." *Ellis v. Comm'r*, 67 F. Supp. 3d 325, 330 (D.D.C. 2014) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)), *aff'd*, 622 F. App'x 2 (D.C. Cir. 2015). "A court may consider materials outside the pleadings to determine its jurisdiction." *DePolo v. Ciraolo-Klepper*, 197 F. Supp. 3d 186, 189-90 (D.D.C. 2016) (citing *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005)), *aff'd*, No. 16-5308, 2017 WL 4231143 (D.C. Cir. June 15, 2017).

## III. Analysis

### A. Subject-Matter Jurisdiction

Magistrate Judge Harvey recommends that this Court conclude that it lacks subject-matter jurisdiction for three reasons: (1) the lawsuit is barred by the AIA, (2) Plaintiffs lack standing, and (3) their cases should be dismissed as frivolous. Plaintiffs object to all three recommendations. The Court addresses each in turn.

#### 1. The Anti-Injunction Act

The AIA provides that, except under statutory exceptions not relevant here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Cohen v. United States*, 650 F.3d 717, 724 (D.C. Cir. 2011) (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)).

The Court adopts Magistrate Judge Harvey's recommendation to dismiss these cases for lack of subject-matter jurisdiction because they are barred by the AIA. Here, Plaintiffs' lawsuits are undoubtedly "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). Plaintiffs' requested relief includes, for instance, a declaration that the government cannot prosecute individuals who do not file taxes and an injunction prohibiting IRS and DOJ employees from taking certain actions that would enable them to conduct collection and enforcement proceedings against non-filers. *Ellis* Am. Compl. ¶¶ 100-102, 110-112; *Stanley* Am. Compl. ¶¶ 96, 98. These requests are clearly intended to restrain the assessment or collection of income tax. *See McNeil v. Comm'r*, 689 F. App'x 648, 649 (D.C. Cir. 2017) ("The complaint effectively challenged the legality of income tax and the requirement to file tax returns, thereby falling within the clear ambit of the Anti-Injunction Act."), *cert. denied*, 137 S. Ct. 2227 (2017). And neither party has suggested that any of the statutory exceptions applies. Thus, "[a]s was true of the prior suits filed in this district, those currently before the Court are barred by the Anti-Injunction Act." Op. & Order, *Dwaileebe v. Martineau*, No. 16-cv-420, ECF No. 19 at 3 (D.D.C. Dec. 31, 2016); *see also Ellis*, 622 F. App'x at 3; *DePolo*, 197 F. Supp. 3d at 190-91; *Ellis v. Jarvis*, No. 16-cv-31, 2016 WL 3072244, at *3 (D.D.C. May 31, 2016).

Plaintiffs assert two objections to the Report and Recommendation's conclusion that the AIA bars these cases. They claim that Magistrate Judge Harvey "refused to evaluate" whether the AIA covers "non-action" (*i.e.*, the IRS's purported failure to prepare SFRs on the dates shown) and that he failed to determine whether the equitable exception to the AIA applies. Pls.' Objs. at 8-10. The Court overrules both of these objections. Plaintiffs' first objection is simply incorrect. Magistrate Judge Harvey did evaluate their argument, concluding that it is a "distinction without a difference" because, even if it is true that IRS employees merely make

6

SFRs *appear* to exist, "Plaintiffs still seek to enjoin the process by which that appearance is created and through which tax deficiencies are then assessed and collected." R&R at 7. Thus, Plaintiffs claims still fall within the ambit of the AIA.

As to the second objection, while the Report and Recommendation does not explicitly discuss the equitable exception to the AIA, the Court finds that it is clearly inapplicable here. In *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962), the Supreme Court held that the AIA does not apply "if it is clear that under no circumstances could the Government ultimately prevail" in the case at bar and "equity jurisdiction otherwise exists." *Id.* at 7. In a similar case brought by one of these Plaintiffs, the D.C. Circuit held that this exception did not apply. *See McNeil*, 689 F. App'x at 649 ("In no way does the limited exception to the Anti-Injunction Act, articulated in *Enochs* . . . , apply to this case."). The same is true here. Plaintiffs do not show, and the Court does not find, any evidence suggesting that the government will not prevail. Also, Plaintiffs have adequate remedies at law, such as their APA claim, that would not require the Court to resort to equity jurisdiction. Accordingly, the equitable exception does not apply here.

### 2. Standing

"The 'irreducible constitutional minimum of standing' requires that a plaintiff demonstrate three elements: (1) injury in fact; (2) causation; and (3) redressability." *Scenic Am., Inc. v. U. S. Dep't of Transp.*, 836 F.3d 42, 48 (D.C. Cir. 2016) (quoting *Lujan*, 504 U.S. at 560-61), *cert. denied*, 138 S. Ct. 2 (2017). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. "In reviewing the standing question, [courts] must be 'careful not to decide the questions on the merits for or against the plaintiff, and must therefore assume that on the merits the plaintiffs would be successful in their claims.'" *In*

re *Navy Chaplaincy*, 534 F.3d 756, 760 (D.C. Cir. 2008) (quoting *City of Waukesha v. EPA*, 320 F.3d 228, 235 (D.C. Cir. 2003)).

Magistrate Judge Harvey concluded that Plaintiffs lack standing for multiple reasons. He concluded that many of their alleged injuries are generalized grievances that are insufficient to demonstrate standing. R&R at 8. He also concluded that Plaintiffs have failed to establish redressability for some of their more specific injuries because the forward-looking relief they seek would not address the past injuries they have identified. *Id.* at 9. Lastly, he concluded that Plaintiffs lack standing to bring claims against the judges that they have filed suit against because this Court cannot compel other federal judges to act—rather, to the extent Plaintiffs disagree with another judge's decision, their recourse lies in an appeal. *Id.* at 10-11.

Plaintiffs object, and argue in response that a favorable ruling in this case would redress Plaintiff Stanley's injury by freeing him from prison (he was incarcerated as of when their objections were filed). Pls.' Objs. at 12. They also argue that the remaining Plaintiffs have standing because they "have been damaged, are currently being damaged, and will be damaged unendingly into the future" absent relief, which will allow them to "rest confident [in] their lives, property, jobs and honor." *Id.* They also argue that they do not seek any specific relief against the judicial defendants, obviating Judge Harvey's concerns about this Court's lack of jurisdiction to control the decisions of other federal judges. *Id.* at 13.

The Court nonetheless adopts Magistrate Judge Harvey's recommendation that Plaintiffs lack standing. "[T]he Supreme Court has 'consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III

case or controversy.'" *Ellis*, 67 F. Supp. 3d at 335 (D.D.C. 2014) (quoting *Lujan*, 504 U.S. at 573-74). Many of the injuries Plaintiffs allege fall into this category. *See, e.g.*, *Ellis* Am. Compl. ¶ 1 ("Plaintiffs seek to . . . form common cause with . . . the American people to end the vicious exaction" of the "so-called 'income tax'"); *id.* ¶ 34 ("This is exquisite, layered fraud, damaging Americans in manners not one in a million can identify."); *id.* ¶ 86 (asserting that "IRS'[s] institutionalized scheme to fabricate evidence concerning Plaintiffs has adversely affected them"); *Stanley* Am. Compl. ¶ 3 (referencing "crimes committed by our Government"); *id.* ¶ 17 ("[T]his case does not raise mere academic questions, but reveals the ongoing battle of the Defendant attorneys against the Rule of Law, the Constitution, individual Americans, and the defrauded United States."). Such generalized grievances "do[]not state an Article III case or controversy." *Lujan*, 504 U.S. at 574.

Plaintiffs do allege some injuries that are more concrete. Plaintiff Stanley, for instance, alleges that he was incarcerated as a result of the government's purported scheme. *Stanley* Am. Compl. ¶ 48. And in *Ellis*, Plaintiffs allege that the judicial defendants improperly dismissed previous cases that they had filed. *Ellis* Am. Compl. ¶¶ 37, 67. But these harms are insufficient to confer standing for two reasons. First, Plaintiffs fail to establish causation for these injuries because they are self-inflicted. "[I]t is well-settled in this jurisdiction that self-inflicted injuries—injuries that are substantially caused by the plaintiff's own conduct—sever the causal nexus needed to establish standing." *Ellis*, 67 F. Supp. 3d at 336 (D.D.C. 2014) (citing *Grocery Mfrs. Ass'n v. EPA*, 693 F.3d 169, 177 (D.C. Cir. 2012) and *Petro–Chem Processing, Inc. v. EPA*, 866 F.2d 433, 438 (D.C. Cir. 1989)). Here, Plaintiffs' injuries are self-inflicted because they have chosen not to comply with federal income tax laws. *See Ellis*, 67 F. Supp. 3d at 336 ("Plaintiff has consistently maintained that he has no intention of filing an income tax return,

9

which means he is taking a voluntary step to create the deficiencies that lead inexorably to his complained of injuries. It is therefore hard to conclude that his future injuries are not self-inflicted, which would eliminate causation."); *DePolo*, 197 F. Supp. 3d at 191. Thus, Plaintiffs have failed to establish causation.

Second, even if Plaintiffs could establish causation, they could not establish redressability. Plaintiffs seek injunctions and other forward-looking relief prohibiting IRS and DOJ employees from taking various actions involving the purported falsification or manipulation of computer records related to tax returns, *Ellis* Am. Compl. ¶¶ 110-112; *Stanley* Am. Compl. ¶ 98, and declaratory relief regarding the government's actions to collect income tax, *Ellis* Am. Compl. ¶¶ 99-105; *Stanley* Am. Compl. ¶¶ 90-96. "[W]here the plaintiffs seek declaratory and injunctive relief, past injuries alone are insufficient to establish standing." *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011). That is because "forward looking relief . . . do[es] not remedy past harms." *Ellis*, 67 F. Supp. 3d at 337. Here, even if the Court were to grant this relief, it is not "likely" that it would redress Plaintiffs' cognizable injuries. *Lujan*, 504 U.S. at 561. "So long as plaintiff continues to refuse to file his tax returns, defendants may institute deficiency proceedings against him, even without generating an SFR or using a self-authenticating certification." *Ellis*, 67 F. Supp. 3d at 337 (collecting cases); *see also DePolo*, 197 F. Supp. 3d at 191. Thus, the relief Plaintiffs seek would not redress their injuries.[1]

In response, Plaintiffs argue a favorable ruling in this case would provide them standing to sue the government in future lawsuits for the damages that they have suffered. Pls.' Objs. at

---

[1] Plaintiffs do request one form of monetary relief: that the Court order the United States to establish a trust fund and order defense counsel to each deposit $1,000 for each material misrepresentation. *Ellis* Am. Compl. ¶ 117. But this request is not tethered to any damages suffered by Plaintiffs.

12. This argument makes no sense. There is no reason to believe a favorable ruling here would have such an effect. But more importantly, that the relief Plaintiffs seek could, in their view, create standing to file *other* lawsuits does not establish redressability in *this* lawsuit. "Redressability examines whether the relief sought, assuming that the court chooses to grant it, will likely alleviate the particularized injury alleged by the plaintiff." *Fla. Audubon Soc. v. Bentsen*, 94 F.3d 658, 663-64 (D.C. Cir. 1996) (en banc). Here, the forward-looking and declaratory relief that Plaintiffs seek will not redress the cognizable injuries that they allege in this case. Accordingly, the Court overrules Plaintiffs' objection to Magistrate Judge Harvey's recommendation that they lack standing.

### 3. Frivolousness

"A complaint may be dismissed on jurisdictional grounds when it 'is patently insubstantial, presenting no federal question suitable for decision.'" *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)) (internal quotation marks omitted). "This standard requires that the 'claims be flimsier than "doubtful or questionable"—they must be "essentially fictitious."'" *Walsh v. Comey*, 118 F. Supp. 3d 22, 25 (D.D.C. 2015) (quoting *Best*, 39 F.3d at 330).

Magistrate Judge Harvey recommended that this Court dismiss these cases as frivolous because they "hypothesize a vast conspiracy among IRS employees, attorneys for the federal government, federal judicial officers, and the highest-level executive branch officers." R&R at 11-12. Plaintiffs object, and argue in response that Magistrate Judge Harvey "refuses to adjudicate Plaintiffs' actual core complaint: that IRS fails to prepare substitute income tax returns on any date shown in IRS'[s] falsified records concerning targeted victims." Pls.' Objs. at 15.

11

The Court adopts Magistrate Judge Harvey's recommendation and concludes that Plaintiffs' complaints must also be dismissed as frivolous. Plaintiffs allege a wide-ranging "scheme," one that includes current and former government employees ranging from IRS employees to a former President to federal judges, organized for the purpose of defrauding the United States by "enforc[ing] the income tax." *Ellis* Am. Compl. ¶¶ 6, 12, 33-34; *see also Stanley* Am. Compl. ¶ 1. These allegations are "obviously frivolous" and "so attenuated and unsubstantial as to be absolutely devoid of merit." *Decatur Liquors, Inc. v. District of Columbia*, 478 F.3d 360, 363 (D.C. Cir. 2007) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)); *see also Douglas v. United States*, 324 F. App'x 320, 321 (5th Cir. 2009) ("[Plaintiff's] argument that the IRS committed 'fraud' by filling out returns on his behalf as authorized by I.R.C. § 6020(b) is frivolous.").

Plaintiffs' status as serial litigants further underscores the frivolousness of their claims in these cases. There have been at least ten "virtually identical lawsuits" filed in this Circuit—including two by Ellis (*Ellis*, 67 F. Supp. 3d 325; *Ellis*, 2016 WL 3072244) and one by McNeil (*McNeil v. Comm'r*, 179 F. Supp. 3d 1, 8 (D.D.C. 2016), *aff'd*, 689 F. App'x 648)—that "share the same distinctive format and font and appear to have been crafted by a single unidentified person or organization." Op. & Order, *Dwaileebe v. Martineau*, No. 16-cv-420, ECF No. 19 at 1-2 (D.D.C. Dec. 31, 2016) (citation omitted). All were dismissed. In fact, after this lawsuit was filed, Judge Cooper issued an injunction prohibiting Plaintiffs Ellis and McNeil from "filing further duplicative lawsuits challenging the IRS's assessment of income taxes." Order of Permanent Injunction, *Crumpacker v. Ciraolo-Klepper*, No. 16-cv-1053, ECF No. 44 (D.D.C. Apr. 19, 2017).

## IV. Additional Objections

Plaintiffs also assert the following objections: that Magistrate Judge Harvey (1) failed to recuse himself or explain his decision not to do so, (2) failed to take judicial notice of and resolve conflicting IRS statements about whether 26 U.S.C. § 6020(b) applies to income tax, (3) falsified the record in multiple instances, and (4) refused to compel the IRS to produce a document. Pls.' Objs. at 4-5. The Court addresses each objection in turn.

### A. Recusal

On August 11, 2017, Plaintiffs filed a Motion to Recuse Magistrate Judge Harvey and Judge Sullivan, who had previously been assigned to this case, pursuant to 28 U.S.C. § 455(a). No. 16-cv-2313, ECF No. 17. Plaintiffs claim that they have been deprived of their right to "neutral and detached judges," taking issue with several adverse rulings. *Id.* at 1-2.

28 U.S.C. § 455(a) permits a litigant to seek recusal of a federal judge "in any proceeding in which his impartiality might reasonably be questioned." "[T]o be disqualifying, the appearance of bias or prejudice must stem from an extrajudicial source." *Klayman v. Judicial Watch, Inc.*, 278 F. Supp. 3d 252, 255 (D.D.C. 2017) (quoting *United States v. Barry*, 961 F.2d 260, 263 (D.C. Cir. 1992)). "[T]his circuit applies an 'objective' standard: Recusal is required when 'a reasonable and informed observer would question the judge's impartiality.'" *SEC v. Loving Spirit Found. Inc.*, 392 F.3d 486, 493 (D.C. Cir. 2004) (quoting *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001) (en banc) (per curiam)). "[B]ald allegations of bias or prejudice" will not suffice. *Karim-Panahi v. U.S. Cong., Senate & House of Representatives*, 105 F. App'x 270, 275 (D.C. Cir. 2004). And "unfavorable judicial rulings alone almost never constitute a valid basis for reassignment." *United States v. Hite*, 769 F.3d 1154, 1172 (D.C. Cir. 2014).

Here, Magistrate Judge Harvey denied the Motion to Recuse as to himself. R&R at 13 (quoting *United States v. Miller*, 355 F. Supp. 2d 404, 405 (D.D.C. 2005) ("The judge who is the object of the recusal motion rules on the motion.")); No. 16-cv-2313, Minute Order of November 1, 2017. He also recommended that the Court deny the Motion to Recuse as to Judge Sullivan as moot because the case had been reassigned by that point. R&R at 13. In their objections, Plaintiffs argue that Magistrate Judge Harvey repeatedly falsified the record and failed to explain why he did not recuse himself. Pls.' Objs. at 5-7.

In light of these developments, the Court will deny Plaintiffs' Motion for Recusal as moot. Magistrate Judge Harvey has already denied the motion as to himself, and Judge Sullivan is no longer assigned to this case. Thus, the motion is moot. The Court also notes that it has found no indication whatsoever to question the impartiality of Magistrate Judge Harvey or Judge Sullivan. And none of Plaintiffs' arguments alter the Court's earlier conclusion that it lacks subject-matter jurisdiction to hear their claims.

**B.     Judicial Notice**

Plaintiffs also object on the ground that Magistrate Judge Harvey failed to "judicially notice and resolve" the fact that the IRS Commissioner has purportedly offered differing views in IRS manuals and public statements regarding whether 26 U.S.C. § 6020(b) applies to income tax. Pls.' Objs. at 7-8.

As an initial matter, Plaintiffs never made this argument in their opposition to Defendant's First Amended Motion to Dismiss. *See* No. 16-cv-2313, ECF No. 16. Thus, it is waived. *Taylor*, 205 F. Supp. 3d at 89; *M.O.*, 20 F. Supp. 3d at 37; *Aikens*, 956 F. Supp. at 23.

And even if the Court were to consider the objection that Magistrate Judge Harvey should have taken judicial notice of this dispute, the objection would be overruled. Under Federal Rule of Evidence 201(b), "the court may judicially notice a fact that is not subject to reasonable

14

dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Whether to take judicial notice "is left in the court's discretion, but the matters to be noticed must be relevant." *Slate v. Am. Broad. Cos.*, 12 F. Supp. 3d 30, 44-45 (D.D.C. 2013) (citing *Whiting v. AARP*, 637 F.3d 355, 364 (D.C. Cir. 2011)). Here, Plaintiffs have failed to establish that the statements they cite are from "sources whose accuracy cannot be reasonably be questioned." *Cf. Haywood v. Massage Envy Franchising, LLC*, No. 3:16-cv-1087, 2017 WL 2546568, at *3 (S.D. Ill. June 12, 2017) ("[Company's] . . . training documents are not of the type of facts so universally or generally known as to merit judicial notice, such as statutes or prior court documents."), *aff'd*, 887 F.3d 329 (7th Cir. 2018). And they have also failed to establish that documents they cite have any relevance to the question of whether this Court has subject-matter jurisdiction to hear their claims.

    **C.**     **Alleged Falsification of the Record**

Next, Plaintiffs object to Magistrate Judge Harvey's alleged falsification of the record in multiple places. Pls.' Objs. at 13-14. The Court overrules this objection. Plaintiffs cite two instances where Magistrate Judge Harvey purportedly miscited Plaintiffs' papers. *Id*. But upon review of the citations, it is clear that Magistrate Judge Harvey accurately quoted language from them. *See id.* (comparing Report and Recommendation and Plaintiffs' papers). Plaintiffs also take issue with the way in which Magistrate Judge Harvey described their argument that the IRS's "non-action" can be challenged notwithstanding the AIA. *Id.* But, in fact, the Report and Recommendation accurately summarized, and then rejected, that argument. *See* R&R at 7 (rejecting Plaintiffs' argument as a "distinction without a difference"). And even if Magistrate Judge Harvey had actually made these supposed errors, none of them would alter the Court's conclusion that it lacks subject-matter jurisdiction to hear Plaintiffs' claims.

### D. Refusal to Compel Document Production

Finally, Plaintiffs object on the ground that Magistrate Judge Harvey failed to compel the IRS to produce a document to Plaintiffs. Pls.' Objs. at 14-15. The document is purportedly one "upon which [the] IRS and the DoJ incarcerated" Stanley. *Id.* at 15.

Again, Plaintiffs never made this argument in their opposition to Defendants' First Amended Motion to Dismiss, No. 16-cv-2313, ECF No. 16, so it is waived, *Taylor*, 205 F. Supp. 3d at 89. And Plaintiffs fail to advance any argument why Magistrate Judge's Harvey ruling was incorrect or why this issue or document would have any bearing on the Court's jurisdiction to hear these cases. Thus, this objection is also overruled.

Ultimately, none of Plaintiffs' objections are persuasive, and the consolidated cases will be dismissed for lack of subject-matter jurisdiction.

## V. Additional Motions

In addition to the Motion to Recuse, which will be denied as moot as discussed above, there are a number of other outstanding motions on the docket that Magistrate Judge Harvey addressed in his Report and Recommendation.

### A. Motion to Certify

On April 26, 2017, Plaintiffs filed a motion to vacate Judge Sullivan's referral of the case to Magistrate Judge Harvey on the ground that Magistrate Judge Harvey made a number of supposed misstatements in an opinion consolidating these cases. No. 16-cv-2313, ECF No. 9 at 1. On July 27, 2017, Judge Sullivan denied that motion. No. 16-cv-2313, ECF No. 14. In response, Plaintiffs have filed a motion to certify an interlocutory appeal of Judge Sullivan's decision. No. 16-cv-2313, ECF No. 15. Magistrate Judge Harvey recommended that the Court deny this outstanding motion because Plaintiffs have failed to meet the standard for certification of an interlocutory appeal. R&R at 12-13.

"A district judge may certify a non-final order for appeal if it 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Philipp v. Fed. Republic of Germany*, 253 F. Supp. 3d 84, 87 (D.D.C. 2017) (citing 28 U.S.C. § 1292(b)). "The decision whether to certify a case for interlocutory appeal is within the discretion of the district court." *Id.* (citing *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 761 (D.C. Cir. 2014)). "Because certification runs counter to the general policy against piecemeal appeals, this process is to be used sparingly." *Sai v. DHS*, 99 F. Supp. 3d 50, 59 (D.D.C. 2015).

The Court adopts Magistrate Judge Harvey's recommendation and will deny this motion. Plaintiffs' argument—that Magistrate Judge Harvey's order consolidating these cases contains misrepresentations—fails to show that they have satisfied any of the criteria set forth in 28 U.S.C. § 1292(b). Plaintiffs do not even challenge Magistrate Judge Harvey's decision to consolidate these cases, but merely his characterization of their argument. Plaintiffs have shown no basis for certifying an interlocutory appeal.

**B.    Motion for Continuance**

On May 10, 2017, Plaintiffs filed a motion titled "Motion to Judge Sullivan for Continuance of Magistrate Order Setting Response Date." No. 17-cv-22, ECF No 20. This motion sought an extension of time for Plaintiffs to respond to Defendants' First Amended Motion to Dismiss, in light of Plaintiffs' request to vacate Judge Sullivan's referral of the case to Magistrate Judge Harvey. *Id.* at 3. Magistrate Judge Harvey recommended denying this motion. R&R at 12. Plaintiffs did not assert any objections. The Court adopts this recommendation.

### C. Motions for Permissive Joinder

In *Stanley*, twelve prospective plaintiffs have filed motions for permissive joinder. *See* No. 17-cv-22, ECF Nos. 5-10, 13-14, 17, 19, 21, 25. Magistrate Judge Harvey recommended denying these motions as moot. *See* R&R at 13-14; No. 17-cv-22, ECF No. 26.[2] Plaintiffs did not assert any objections. Given that these cases will be dismissed for lack of jurisdiction, the Court adopts Magistrate Judge Harvey's recommendation.

### VI. Conclusion

For the reasons set forth above, the Court will, in a separate Order, adopt Magistrate Judge Harvey's Report and Recommendation, No. 16-cv-2313, ECF No. 20, in its entirety and grant Defendants' First Amended Motion to Dismiss, No. 16-cv-2313, ECF No. 8. In accordance with the Report and Recommendation, No. 16-cv-2313, ECF No. 20, the Court will also, in a separate Order, (1) deny Plaintiffs' Motion to Recuse, No. 16-cv-2313, ECF No. 17, as moot; (2) deny Plaintiffs' Motion to Certify an Interlocutory Appeal, No. 16-cv-2313, ECF No. 15; (3) deny Plaintiffs' Motion for Continuance, No. 17-cv-22, ECF No. 20; and (4) deny Plaintiffs' Motions for Permissive Joinder, No. 17-cv-22, ECF Nos. 5-10, 13-14, 17, 19, 21, as moot. Similarly, the Court adopts Magistrate Judge Harvey's Report and Recommendation, No. 17-cv-22, ECF No. 26, in its entirety and will, in a separate Order, deny the remaining Motion for Permissive Joinder, No. 17-cv-22, ECF No. 25, as moot.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 19, 2018

---

[2] On January 3, 2018, Magistrate Judge Harvey addressed the last of these motions in a separate Report and Recommendation. *See* No. 17-cv-22, ECF No. 26. Plaintiffs did not object to this Report and Recommendation, and the Court adopts it as well.