UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL B. ELLIS *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> AMY BERMAN JACKSON *et al.*, <br><br> *Defendants*. | Civil Action No. 16-2313 (TJK/GMH) <br> *consolidated with* <br> No. 17-22 (TJK/GMH) |

**MEMORANDUM OPINION**

Before the Court is Plaintiffs Michael Ellis, Robert McNeil, and Harold Stanley's Motion for Reconsideration of this Court's June 19, 2018 Opinion adopting the Report and Recommendation of Magistrate Judge G. Michael Harvey and dismissing this case, ECF No. 27 ("Reconsideration Mot.").[1] Plaintiffs purport to identify fourteen errors in the Court's opinion dismissing one of Plaintiffs' attempts to enjoin the federal government's enforcement of the income tax against individuals who do not file their returns. The Court assumes familiarity with the factual and procedural background of this case. For the reasons explained below, Plaintiffs' motion will be denied.

**I.  Legal Standard**

A court may grant a Rule 59(e) motion to alter or amend a judgment "under three circumstances only: (1) if there is an 'intervening change of controlling law'; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to 'correct a clear error or prevent manifest injustice.'" *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir.

---

[1] All ECF citations refer to the docket in *Ellis v. Jackson*, No. 16-cv-2313, unless otherwise stated.

2018) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)). Rule 59(e) motions "are disfavored and should be granted only under extraordinary circumstances." *Sieverding v. U.S. Dep't of Justice*, 910 F. Supp. 2d 149, 160 (D.D.C. 2012) (quotation omitted). Parties may not use Rule 59(e) motions to relitigate arguments that were made or could have been made before entry of judgment. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

## II. Analysis

Plaintiffs do not argue that there has been any intervening change in law or newly discovered facts since the Court's dismissal of their case, and none of the alleged errors they identify are clear errors (or, in fact, errors at all) warranting reconsideration. The Court addresses each allegation below.

### 1. Alleged Error 1: "Unsupported Presumption"

Plaintiffs object to the Court's characterization of Plaintiffs as "non-filers" who do not file their tax returns. Reconsideration Mot. at 6–7. But Plaintiffs admit that they do not file tax returns; that is the entire basis for their suit. *See Stanley v. Lynch*, 17-cv-22, ECF No. 1 ¶¶ 32–36; *Ellis v. Jackson*, 16-cv-2313, ECF No. 1 ¶¶ 11–12, 19, 100–02. The Court did not err by accurately describing them.

### 2. Alleged Errors 2 and 9: Administrative Procedure Act

Plaintiffs argue that the Court failed to adjudicate their claims under the Administrative Procedure Act (APA). Reconsideration Mot. at 7, 14–15. Their misunderstanding appears to stem from the Court's correct citation of the APA as 5 U.S.C. § 551 *et seq.*, while Plaintiffs invoke, instead, its judicial review provision at 5 U.S.C. § 702. Citation quibbles aside, the Court properly considered Plaintiffs' claims of APA violations and dismissed them for the reasons outlined in its June 19, 2018 Opinion. *See generally* ECF No. 26 ("Opinion"). That

Plaintiffs can point to a statutory cause of action does not entitle them to have their claims adjudicated on the merits; they must first present a justiciable case or controversy.

### 3. Alleged Error 3: "Inferences" vs. "Declaratory Judgments"

Plaintiffs object to the Court's characterization of the relief they seek as a declaratory judgment that Congress has not imposed a duty on Americans to file income tax returns. *See* Reconsideration Mot. at 8. Rather, they claim, they asked the Court to make various "inferences" that non-filers do not have a duty to file returns or pay income tax. *Id.* This is a semantic distinction without a difference. An "inference" is not a recognized form of legal or equitable relief, and Plaintiffs seek declarations concerning their rights under 28 U.S.C. § 2201. The Court did not err in characterizing their request for relief as it did.

### 4. Alleged Errors 4–7: The Anti-Injunction Act

Plaintiffs object in various ways to the Court's conclusion that the Anti-Injunction Act (AIA), 26 U.S.C. § 7421(a), bars consideration of their suit. First, they argue that the AIA does not apply because no "disputed tax sums" are in controversy. Reconsideration Mot. at 9. But the entire purpose of Plaintiffs' suit is to prevent the IRS from assessing income tax against non-filers, and it is thus squarely a "suit for the purpose of restraining the assessment or collection" of a tax. 26 U.S.C. § 7421(a). That Plaintiffs may not have identified a specific dollar amount in controversy is of no moment. Next, they argue that the Court's analysis was insufficient because it failed to explicitly determine that "falsifying digital and paper documents upon which [the] IRS builds [its] justification for criminal prosecutions and civil forfeitures" constitutes an "assessment" or "collection" under the AIA. Reconsideration Mot. at 10–11. But the Court need not engage with the substance of Plaintiffs' conspiratorial allegations to determine that their suit attempts to restrain the collection of a tax. Finally, Plaintiffs argue that the IRS's conduct is criminal and therefore contrary to law and not covered by the AIA. *Id.* at 11–13. But they

provide no support for this accusation other than their own conclusory assertions, and no authority for the proposition that the purportedly criminal nature of the government's tax-collecting procedures confers on this Court jurisdiction where it would otherwise have none.

### 5. Alleged Error 8: Equitable Exception to the AIA

Along with arguing that their suit is not barred by the AIA, Plaintiffs argue that it falls within the equitable exception to the AIA. *Id.* at 13–14. Under this doctrine, the AIA does not apply "if it is clear that under no circumstances could the Government ultimately prevail" and "equity jurisdiction otherwise exists." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). Plaintiffs have already made, and the Court has already rejected, this argument. The Court will not entertain it a second time. *See Exxon Shipping Co.*, 554 U.S. at 485 n.5. Furthermore, to the extent Plaintiffs argue that the equitable exception applies because they have not identified a specific amount in dispute, the Court has already rejected that reasoning above.

### 6. Alleged Errors 10–13: Standing

Plaintiffs also object to the Court's holding that they lack standing to bring their suit on several grounds. First, they object to the Court's conclusion that some of Plaintiffs' claims about the allegedly fraudulent and illegal conduct of the IRS fail to state an injury in fact, because they are generalized grievances common to the public at large. They argue that this is incorrect because they have each been individually injured by the "attorney-approved, attorney prolonged falsification of IRS records." Reconsideration Mot. at 16. Once again, they repeat an argument the Court has already rejected. *See* Opinion at 8–9. They also overlook the Court's determination that only *some* of Plaintiffs' claims are generalized grievances. *Id.* The Court also held that those harms that are *not* generalized grievances—such as Plaintiff Stanley's incarceration—are self-inflicted because they were caused by Plaintiffs' decision not to file

income tax returns. As a result, Plaintiffs cannot establish the causation element of standing. *Id.* at 9–10; *see Ellis v. Comm'r*, 67 F. Supp. 3d 325, 336 (D.D.C. 2014).

Plaintiffs also object to the conclusion that some of their claimed injuries are self-inflicted, and again complain that the Court failed to identify a specific law requiring them "to comply with federal income tax laws." Reconsideration Mot. at 16. But the Court need not cite a specific law for this proposition in its Opinion to conclude that these injuries are self-inflicted.[2]

Finally, Plaintiffs object to the Court's conclusion that they also failed to establish redressability. The Court concluded that the prospective relief Plaintiffs requested—for example, an order "to enjoin IRS' record falsification machine"—would not redress any past harms allegedly suffered by Plaintiffs. ECF No. 21 at 12; *see* Opinion at 10–11; *see also Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011) (stating that "past injuries alone are insufficient to establish standing" for prospective relief). Plaintiffs argue that the Court erred because a favorable ruling would, for example, justify Plaintiff Stanley's release from prison and "remedy [the] past sufferings" of other plaintiffs by vindicating them. Reconsideration Mot. at 18. Once again, Plaintiffs simply repeat arguments that they already raised in their objection to the Magistrate Judge's Report and Recommendation and which the Court has already rejected. *See* ECF No. 21 at 11–13; Opinion at 10–11. Upon review, the Court is satisfied that its prior ruling dismissing this case for lack of standing did not contain clear error or cause manifest injustice. Fed. R. Civ. P. 59(e).

### 7. Alleged Error 14: Frivolousness

Finally, Plaintiffs object to the Court's dismissal of their claims as frivolous. Reconsideration Mot. at 19–21. They provide an additional summary of their theory of the case,

---

[2] Nor is this alleged failure relevant to the Court's redressability analysis. *See* Reconsideration Mot. at 17–18.

5

but it hardly aids their argument that this suit, brought against—among others— a former President, a former Attorney General, and several judges in this circuit, should not be dismissed on jurisdictional grounds for failure to present a substantial federal question. *See Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009). As the Court noted in its opinion, Plaintiffs Ellis and McNeal have been permanently enjoined from filing, in any federal court, additional vexatious lawsuits challenging the IRS's actions with respect to determining income tax liability. *Crumpacker v. Ciraolo-Klepper*, Case No. 1:16-cv-1053 (CRC), 2017 WL 3584879 (D.D.C. Apr. 19, 2017), *aff'd*, 718 F. App'x 18 (Mem) (D.C. Cir. 2018).

### III. Conclusion

For all these reasons, Plaintiffs' Motion for Reconsideration, ECF No. 27, will be denied. Plaintiffs' Motion to Set Rule 59(e) Motion for Argument, ECF No. 34, will be denied as moot. To the extent to which it is directed at this Court, Plaintiffs' Motion for Writ of Mandamus, ECF No. 35, which seeks to force the Court to rule on this motion, will also be denied as moot. A separate order will issue.

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: January 13, 2020